## UNITED STATES DISTRICT COURT
### DISTRICT OF MARYLAND

| | |
|---|---|
| **CLAYTON DRUMMOND**<br>2021 Druid Hill Avenue<br>Baltimore, MD 21217 | Civil Case No.: |
| **MICHAEL DEMINDS**<br>1508 Pennsylvania Ave Apt. D<br>Baltimore, MD 21217 | **COLLECTIVE AND CLASS ACTION COMPLAINT** |
| | **JURY TRIAL DEMANDED** |
| **RONALD WARREN**<br>115 W Mulberry Street<br>Baltimore, MD 21201 | |
| *Individually and On Behalf of All Others Similarly Situated* | |
| Plaintiffs, | |
| vs. | |
| **ASPIRE BEHAVIORAL CONNECTIONS, LLC**<br>2401 Liberty Heights Avenue Ste 4675<br>Baltimore, MD 21215 | |
| <u>SERVE RESIDENT AGENT</u>:<br>Spencer P. Arrington<br>5529 Belleville Avenue<br>Baltimore, MD 21207 | |
| **SPENCER P. ARRINGTON**<br>9 Wood Valley Court<br>Reisterstown, MD 21136 | |
| Defendants. | |

Plaintiffs Clayton Drummond, Michael Deminds, and Ronald Warren, individually and on behalf of all others similarly situated, by and through their attorneys, hereby file this Collective and Class Action Complaint against Defendants Aspire Behavioral Connections, LLC and Spencer P. Arrington, and allege of their own knowledge and conduct and upon information and belief as to all other matters, as follows:

## PRELIMINARY STATEMENT

1.      Plaintiffs bring this action for themselves and all other similarly situated collective members to recover unpaid overtime wages, liquidated damages and reasonable attorneys' fees and costs as a result of Defendants' willful violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* and attendant regulations at 29 C.F.R. § 516, *et seq*.

2.      Plaintiffs also bring this action for themselves and all other similarly situated Rule 23 class members to recover unpaid back wages, overtime pay, treble damages and reasonable attorneys' fees and costs under the Maryland Wage and Hour Law ("MWHL"), Md. Code. Ann. Lab. & Empl. § 3-401, *et seq.* and Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code. Ann. Lab. & Empl. § 3-501, *et seq*.

3.      Defendants "Provide treatment and lifestyle services that support the efforts of children and adults within the Penn North, Upton, Greater Mondawmin and Coppin Heights communities with mental health needs to live as independently as possible through the development of treatment, lifestyle and supportive employment programs."[1]

4.      Plaintiffs and the putative FLSA collective and Rule 23 class members are (or were) non-managerial employees subject to Defendants' unlawful common policies and practices.

5.      Plaintiffs and the putative FLSA collective and Rule 23 class members performed

---

[1] *See* Aspire Behavioral Connections, LLC  website https://www.abcmentalhealth.com/aboutus (last accessed November 29, 2022).

primary job duties that do not fall within any exemptions under the FLSA, MWHL and MWPCL.

6.     Defendants assigned Plaintiffs and the putative FLSA collective and Rule 23 class members worked full-time, or approximately 40 hours per week. Until June of 2022, Plaintiffs were paid an hourly rate for the hours they worked, which were tracked, and therefore known, by the Defendants. During the month of June 2022, Defendants began to pay Plaintiffs and similarly situated employees a flat rate of approximately $1000 per month, regardless of hours worked. Plaintiffs and similarly situated employees received no accounting for payroll deductions or any other calculations regarding hours worked or rate of pay.

7.     Defendants did not provide Plaintiffs any notice of this reduction in pay, as required by the MWPCL.

8.     The June 2022 reduction in wages resulted in the Plaintiffs and FLSA collective and Rule 23 class members being paid less than the minimum wage for employees in Maryland ($12.50/hr.) and the Federal Minimum wage ($7.25/hr.)

9.     The job duties of the Plaintiffs and FLSA collective and Rule 23 class members did not substantially change and the Defendants were aware that Plaintiffs were continuing to work the same schedules. As such, Defendants violated FLSA, MWHL, and MWPCL.

10.     Defendants scheduled Plaintiffs and the putative FLSA collective and Rule 23 class members in a way that forced many of them to work over forty hours per week, and failed to pay overtime wages at the mandated time and a half rate for each hour they worked in excess of forty per workweek, in violation of the FLSA, MWHL and MWPCL.

11.     Plaintiffs assert the FLSA claims on behalf of a putative nationwide FLSA collective, defined as:

*All house manager employees of Defendants at any time from three (3) years prior to the filing of this Complaint through the date of judgment.*

12.     Plaintiffs seek to send a Notice pursuant to 29 U.S.C. § 216(b) to all non-managerial employees of Defendant permitting them to assert FLSA claims in this collective action by filing their individual consent forms.

13.     Plaintiffs assert the MWHL and MWPCL claims on behalf of a putative Rule 23 class pursuant to Fed. R. Civ. P. 23, defined as:

*All house manager employees of Defendants at any time from three (3) years prior to the filing of this Complaint through the date of judgment.*

14.     Defendants have willfully and intentionally committed violations of the above-described statutes and corresponding regulations, in the manner described herein.

15.     Defendants were sent a pre-suit demand letter but elected not to resolve this matter without judicial intervention.

## JURISDICTION AND VENUE

16.     This Court has subject-matter jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 because Plaintiffs' claims raise a federal question under 29 U.S.C. § 201 *et seq.*

17.     This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367 because those claims derive from a common nucleus of operative facts as Plaintiffs' federal claims and employment with Defendants.

18.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) and (c) because Defendants employed Plaintiffs in this federal judicial district and a substantial part of the acts or omissions giving rise to this action occurred in this federal judicial district and Defendants are subject to personal jurisdiction in this federal judicial district.

## THE PARTIES

19.     Defendant Aspire Behavioral Connections, LLC ("Aspire Behavioral Connections") is a domestic for-profit entity created and existing under and by virtue of the laws of the State of Maryland.

20.     According to the public records on the Maryland Department of Assessments & Taxation website[2], Aspire Behavioral Connections, LLC maintains a principal office at 5529 Belleville Avenue, Baltimore, Maryland 21207[3].

21.     Defendant Spencer P. Arrington ("Arrington") is the founder, owner, director and shareholder of Aspire Behavioral Connections, LLC.

22.     According to the public records on the Maryland Department of Assessments & Taxation website, Mr. Arrington is also the designated Resident Agent of Aspire Behavioral Connections, LLC at the address 2641 Maryland Avenue, Baltimore, MD 21218.

23.     Upon information and belief, Mr. Arrington is personally involved in the regular operation of Aspire Behavioral Connections, LLC, which includes employment decisions and scheduling. Arrington has the ultimate responsibility for deciding employment arrangements and delegates implementation to other employees of Aspire Behavioral Connections, LLC.

24.     Mr. Arrington is present at Aspire Behavioral Connections offices on a regular basis. He is generally aware of how and when Plaintiffs and other similarly-situated employees are paid.

25.     Mr. Arrington is personally involved in the regular management of Aspire Behavioral Connections' employees.

26.     Mr. Arrington has personally participated in determining the compensation policies and work schedules, as well as duties and conditions, of Aspire Behavioral Connections' employees.

27.     Mr. Arrington possesses and exercises the authority to hire and terminate Aspire Behavioral Connections' employees.

---

[2] https://egov.maryland.gov/BusinessExpress/EntitySearch.
[3] The address listed by Aspire Behavioral Connections, LLC on the the state website appears to be a rental house owned by Defendant Arrington. According to the Aspire Behavioral Connections website, the actual program headquarters is at 2401 Liberty Heights Ave, Suite 4675, Baltimore, MD 21215.

28.     Mr. Arrington was personally involved in the hiring of Plaintiffs.

29.     Mr. Arrington was involved in determining the compensation of Plaintiffs.

30.     Mr. Arrington was involved in the work schedules, duties and conditions of Plaintiffs.

31.     Plaintiff Clayton Drummond ("Drummond") is a resident of the City of Baltimore and State of Maryland.

32.     Mr. Drummond was employed by Defendants from approximately January 2022 to November 25, 2022.

33.     Mr. Drummond's written consent to become an FLSA party plaintiff is attached hereto as **Exhibit 1**.

34.     Plaintiff Michael Deminds ("Deminds") is a resident of the City of Baltimore and State of Maryland.

35.     Mr. Deminds has been employed by Defendants from approximately ___ until the present date.

36.     Mr. Deminds' written consent to become an FLSA party plaintiff is attached hereto as **Exhibit 2**.

37.     Plaintiff Ronald Warren is a resident of the City of Baltimore and State of Maryland.

38.     Mr. Warren was employed by Defendants from approximately March 2022 until the present time.

39.     Mr. Warren's written consent to become an FLSA party plaintiff is attached hereto as **Exhibit 3.**

## FACTUAL ALLEGATIONS COMMON
## TO ALL COUNTS

40.     Defendants have operated and controlled an enterprise engaged in commerce as defined under the FLSA.

41.     Defendants have generated over $500,000 in revenue per year for at least the past two years.

42.     Defendants have had two (2) or more employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

43.     Defendants have engaged in ordinary commercial activities within the meaning of the FLSA that result in sales made or business done.

44.     Defendants were the "employers" of Plaintiffs and the putative collective/class members within the meaning of 29 U.S.C. § 203(d) and Md. Code Ann., Lab. & Empl. §§ 3-101, 3-401 and 3-501.

45.     Defendants knowingly "suffered or permitted" Plaintiffs and the putative collective members to work and thus "employed" them within the meaning of 29 U.S.C. §203(g).

46.     Defendants hired Plaintiffs and the putative collective/class members and determined the rate and method of the payment of their wages.

47.     Defendants controlled the work schedules, duties, protocols, applications, assignments and work conditions of Plaintiffs the putative collective/class members.

48.     At all relevant times alleged herein, Plaintiffs and the putative collective/class members performed job duties that do not fall within any exemptions from overtime under the FLSA, MWHL and MWPCL.

49.     Plaintiffs were employed by Defendants as house manager employees.

50.     Upon information and belief, Plaintiffs' primary duties included routine housekeeping tasks such as cleaning and organizing; leading house meetings with clients; inspections of the premises and maintaining a safe environment; supporting residents to develop recovery plans; teaching residents skills

needed to live in recovery; interaction with ABC's clinical and non-clinical supervisory staff; maintain house records including their own time sheets; and handling emergency/crisis situations as needed.

51.    Plaintiffs' and the putative collective/class members' primary job duties did not include the management and/or supervision of at least two full-time employees or their equivalent.

52.    Plaintiffs' and the putative collective/class members' primary job duties did not include the exercise of discretion and independent judgment.

53.    Defendants required Plaintiffs and the putative collective/class members to regularly work over forty hours in a workweek.

54.    Plaintiffs and the putative collective/class members regularly worked more than forty hours per week.

55.    Defendants classified Plaintiffs and the putative collective/class members as exempt employees.

56.    Defendants misclassified Plaintiffs and the putative collective/class members as exempt employees.

57.    Defendants knew Plaintiffs and the putative collective/class members regularly worked overtime but failed to pay them the federal and state mandated overtime wages at a rate of not less than one and one-half (1.5) times the regular rate of pay for hours worked in excess of forty (40) in a workweek.

58.    For instance, attached as **Exhibit 4** is Mr. Drummond's paystub for the pay period from June 5, 2022 to June 18, 2022; the paystub shows Defendant paid the workers on a bi-weekly basis. The paystub shows a rate of pay believed to be representative of compensation paid to all similarly-situated house manager employees. The rate ($20.00/hr.) and timing of pay appears compliant with the relevant Federal and State of Maryland Laws.

59.    During this pay period, and other pay periods, Mr. Drummond worked more than

forty hours in a workweek – more than eighty hours in two workweeks – and Defendant failed to pay any overtime wages. **Exhibit 5**.

60.    Defendants failed to accurately record Plaintiffs' work hours and failed to make the necessary payments at 1.5 times Plaintiffs' regular hourly for all hours worked in excess of 40 in any workweek.

61.    Following the June 5, 2022 – June 18, 2022 pay period, Defendants, unilaterally and without notice reduced Plaintiffs' pay to a flat rate of $1,000.00 per month, regardless of the number of hours worked by Plaintiffs.

62.    This reduction in pay was done without giving the notice required by Md. Code Ann [Lab. & Empl.]§3-504.

63.    This reduction in pay resulted in Plaintiffs being paid less than minimum wage required by Maryland law and the Fair Labor Standards Act.

64.    Mr. Drummond brought the Defendant's actions up for discussion with Defendants several times. Drummond warned Defendants that they were in violation of FLSA, MWHL and MWPCL and that the Defendants' actions were adversely affecting him. Defendants did not take any corrective action.

65.    In November 2022, Defendants terminated Mr. Drummond's employment in retaliation for his discussion of the FLSA, MWHL, and MWPCL issues.

66.    Defendants' wrongful acts and/or omissions/commissions, as alleged herein, were not made in good faith, or in conformity with or in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the state and/or U.S. Department of Labor and/or any state department of labor, or any administrative practice or enforcement practice or enforcement policy of such departments.

67.    Defendants' violations of the above-described federal and state wage and hour

statutes and regulations were willful, arbitrary, unreasonable and in bad faith.

## COLLECTIVE ACTION
## ALLEGATIONS

68.     Plaintiffs repeat and reallege all the preceding paragraphs of this Complaint, as if fully set forth herein.

69.     Plaintiffs bring this action pursuant to Section 216(b) of the FLSA, as an opt-in representative action, on behalf of all Rehabilitation Specialists/House "Managers" who have been affected by Defendants' common unlawful policies and practices of shorting overtime wages, in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and attendant regulations at 29 C.F.R. § 516, *et seq*.

70.     Plaintiffs bring this action pursuant to 29 U.S.C. § 216(b) of the FLSA on behalf of:

> *All house manager employees of Defendants at any time from three (3) years prior to the filing of this Complaint through the date of judgment.*

Plaintiffs reserve the right to amend this definition as necessary.

71.     Plaintiffs bring this collective action against Defendants to recover unpaid overtime compensation, liquidated damages, and reasonable attorneys' fees and costs pursuant to 29 U.S.C.
§ 216(b).

72.     The collective action further alleges a willful violation of the FLSA and is covered by a third year of limitations.

73.     Plaintiffs seek to send Notice to all similarly situated workers as provided by 29 U.S.C. § 216(b) and supporting case law.

74.     Certification of the collective action under the FLSA is appropriate because the employees described herein are "similarly situated" to Plaintiffs under 29 U.S.C. § 216(b). The class of employees on behalf of whom Plaintiffs bring this collective action are similarly situated because they were subject to the same or similar unlawful policies and practices as stated herein and their

claims are based upon the same factual and legal theories.

75.     Plaintiffs anticipate that there will be no difficulty in the management of this litigation.

76.     This litigation presents claims under the FLSA, a type that have often been prosecuted on a class wide basis, and the manner of identifying the collective and providing any monetary relief to it can be effectuated from a review of Defendants' records.

77.     Plaintiffs and the putative FLSA collective members demand a trial by jury.

## **RULE 23 CLASS ACTION ALLEGATIONS**

78.     Plaintiffs repeat and reallege all the preceding paragraphs of this Complaint, as if fully set forth herein.

79.     Plaintiffs also seek to maintain this action pursuant to Fed. R. of Civ. P. 23, as an opt- out class action, on behalf all (job titles here) non-managerial employees who have been affected by Defendants' common unlawful policies and practices of shorting overtime wages, in violation of the MWHL and MWPCL.

80.     Plaintiffs bring this Rule 23 class action on behalf of the following Rule 23 class:

> *All non-managerial house manager of Defendants in the State of Maryland at any time from three (3) years prior to the filing of this Complaint through the date of judgment.*

Plaintiffs reserve the right to amend this definition as necessary.

81.     The Rule 23 class seeks to recover up to treble damages of unpaid wages and reasonable attorneys' fees and costs under the MWHL and MWPCL.

82.     The members of the Rule 23 classes are so numerous that joinder of all class members in this case would be impractical. Plaintiffs reasonably estimate that there are a substantial number of class members in the States of Maryland. The Rule 23 class members should be easy to identify from Defendants' payroll and personnel records.

83.     There is a well-defined community of interest among the Rule 23 class members and common questions of law and fact predominate in this action over any questions affecting each

individual class member.

84.     Plaintiffs' claims are typical of those of the Rule 23 class members in that they and all other class members suffered damages as a direct and proximate result of Defendants' common and systemic pay policies and practices. All of the class members were subject to the same corporate practices of Defendants, as alleged herein, of shorting workers' wages.

85.     Any lawsuit brought by an employee of Defendants would be identical to a suit brought by any other employee for the same violations and separate litigation would cause a risk of inconsistent results.

86.     Plaintiffs were employed by Defendants in the same capacity as all of the class members. All class members were treated the same or similarly by management with respect to pay or lack thereof. This treatment included, but was not limited to, shorting workers' wages. Thus, there are common questions of law and fact which are applicable to each and every one of the class members.

87.     Plaintiffs will fully and adequately protect the interests of the class members and have retained counsel who are qualified and experienced in the prosecution of nationwide wage and hour class actions. Plaintiffs and their counsel do not have interests that are contrary to, or conflicting with, the interests of the class members.

88.     Defendants' corporate-wide policies and practices affected all class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each class member. Plaintiffs' claims arise from the same legal theories as all other class members. Therefore, this case will be more manageable and efficient as a Rule 23 class action. Plaintiffs and their counsel know of no unusual difficulties in this case.

89.     Plaintiffs and the Rule 23 class members demand a trial by jury.

**<u>COUNT I</u>**
**Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. (Brought by**

**Plaintiffs Individually and on Behalf of the FLSA Collective)**

90.     Plaintiffs repeat and reallege all the preceding paragraphs of this Complaint, as if fully set forth herein.

91.     Section 206(a)(1)(c) of the FLSA provides that the Federal Minimum Wage is $7.25 per hour.

92.     Section 207(a)(1) of the FLSA provides

"no employer shall employ any of his employees ... for a workweek longer than forty hours unless such employee receive compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

93.     Plaintiffs and FLSA collective members were "employees" under 29 U.S.C. § 203(e) and thus covered by the FLSA, 29 U.S.C. § 207(a)(1).

94.     Defendants were the "employers" of Plaintiffs and FLSA collective members under 29 U.S.C. § 203(d).

95.     Defendants, as Plaintiffs' and FLSA collective members' employers, were obligated to compensate Plaintiffs at a legal rate of pay and for overtime hours worked.

96.     Plaintiffs and FLSA collective members were paid below the minimum wage from June 2022 until the present time.

97.     Plaintiffs and FLSA collective members occasionally worked over forty hours per week.

98.     Plaintiffs and the FLSA collective members performed job duties that do not fall within any exemptions from overtime under the FLSA.

99.     Plaintiffs and the FLSA collective members were entitled to, and are owed, overtime pay at the rate of one and one-half (1 ½) times the regular rate of pay for hours worked in excess of forty per workweek.

100.    Defendants have failed and refused to compensate Plaintiffs and the FLSA collective

members properly as required by law for numerous overtime hours worked.

101.    Defendants' uniform conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

102.    Because Defendants willfully violated the FLSA, a three (3) year statute of limitations shall apply to such violation, pursuant to 29 U.S.C. § 255.

103.    As a result of Defendants' uniform policy and practice described above, Plaintiffs and the FLSA collective members were illegally deprived lawful wages and of overtime wages earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, liquidated damages, costs, reasonable attorneys' fees and other compensation pursuant to 29 U.S.C § 216(b).

## <u>COUNT II</u>
### Violation of the Maryland Wage and Hour Law
### (Brought by Plaintiffs Individually and on Behalf of the Rule 23 Class)

104.    Plaintiffs repeat and reallege all the preceding paragraphs of this Complaint, as if fully set forth herein.

105.    Defendants have more than 15 employees as defined by the Maryland Wage and Hour Law.

106.    Plaintiffs and the Rule 23 class members were "employees" covered by the Maryland Wage and Hour Law.

107.    Defendants were the "employers" of Plaintiffs and the Rule 23 class members under Md.

Code Ann., Lab. & Empl. §§ 3-101, 3-401.

108.    The Maryland Wage and Hour Law requires, as of January 1, 2022, each employer with at least 15 employees shall pay a minimum wage of at least $12.50 per hour. Md. Code Ann., Lab. & Empl. § 3-413(c)(1)(v) (2021).

109. The Maryland Wage and Hour Law requires each employer shall pay an overtime wage of at least 1.5 times the usual hourly wage. Md. Code Ann., Lab. & Empl. §§ 3-415, 3-420.

110. Defendants, as Plaintiffs' and the Rule 23 class members' employers, were obligated to compensate Plaintiffs for overtime hours worked, at the overtime rate.

111. Plaintiffs and the Rule 23 class members sometimes worked over forty hours per week.

112. Plaintiffs and the Rule 23 class members performed job duties that do not fall within any exemptions from overtime under the MWHL.

113. Plaintiffs and the Rule 23 class members were entitled to, and are owed, overtime pay at the rate of one and one-half (1 ½) times the regular rate of pay for hours worked in excess of forty per workweek.

114. Defendants have failed and refused to compensate Plaintiffs and the Rule 23 class members properly as required by law for numerous overtime hours worked.

115. Defendants' uniform conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

116. As a result of Defendants' uniform policy and practice described above, Plaintiffs and the Rule 23 class members were illegally deprived of overtime wages earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, liquidated damages, costs, reasonable attorneys' fees and other compensation under the MWHL.

### **THIRD CLAIM FOR RELIEF**
**Violation of the Maryland Wage Payment and Collection Law (Brought by Plaintiffs Individually and on Behalf of the Rule 23 Class)**

117. Plaintiffs repeat and reallege all the preceding paragraphs of this Complaint, as if fully set forth herein.

118. Defendants have failed and continue to fail to pay to Plaintiffs and Rule 23 class members earned wages, which are due and owing to them.

119.    Section 3-501(c) of MWPCL defines wages as including "overtime wages."

120.    Section 3-502 of the MWPCL requires an employer to pay all wages earned "at least once in every 2 weeks or twice in each month."

121.    Defendants violated Section 3-502 of the MWPCL by failing to pay Plaintiffs and Rule 23 class members at least once every 2 weeks or twice in each month.

122.    Defendants violated Section 3-502 of the MWPCL by failing to pay Plaintiffs and Rule 23 class members earned overtime wages on time.

123.    Section 3-505 of the MWPCL requires employers to pay an employee "all wages due for work that the employee performed before the termination of employment, on or before the day on which the employee would have been paid the wages if the employment had not been terminated."

124.    The aforesaid actions and/or omissions of the Defendant are in contravention of the Maryland Wage Payment and Collection Law. Maryland Employment & Labor Code Ann., Sec. 3-505.

125.    The Court is permitted to award Plaintiffs and Rule 23 class members treble damages and reasonable counsel fees for any violation of the Maryland Wage Payment Collection Law. Md. Code Ann., Lab. & Empl. 3-507.2.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demand declaratory and monetary judgment and relief against Defendants, and each of them, individually, jointly and severally, as follows:

(A)     A declaratory judgment that Defendants' wage practices alleged herein violate the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*;

(B)     A declaratory judgment that Defendants' wage practices alleged herein violate

overtime provisions of the Maryland Wage and Hour Law ("MWHL"), Md. Code. Ann. Lab. & Empl. § 3-401 *et seq.*, and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code. Ann. Lab. & Empl. § 3-501 *et seq.*;

(C)     Judgment for damages for lost wages, including treble damages, for the retaliatory discharge of Plaintiff Clayton Drummond, as provided by the FLSA at 29 U.S.C. § 215(a)(3) and as interpreted by the expansive definition of "retaliation" used by the U.S. Supreme Court. S*ee, for example,  Kasten v. Saint-Gobain Performance Plastics Corp., 563 U.S. 1, 131 S. Ct. 1325 (2011)* and *Crawford v. Metro. Gov't of Nashville & Davidson Cnty., Tenn., 555 U.S. 271, 276, 129 S.Ct. 846, 172 L.Ed.2d 650 (2009)*.

(D)     An Order for injunctive relief ordering Defendants to comply with the FLSA, MWHL and MWPCL and end all of the illegal wage practices alleged herein;

(E)     Certifying this action as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein;

(F)     Certifying this action as a class action pursuant to Fed R. Civ. P. 23 with respect to the MWHL and MWPCL claims set forth herein;

(G)     Ordering Defendants to disclose the names, addresses, e-mail addresses, telephone numbers, dates of birth, job titles, dates of employment and locations of employment of all FLSA collective and Rule 23 class members;

(H)     Authorizing Plaintiffs' counsel to send notice(s) of this action to all FLSA collective and Rule 23 class members, including the publishing of notice in a manner that is reasonably calculated to apprise the FLSA collective members of their rights by law to join and participate in this lawsuit;

(I)     Designating Lead Plaintiffs as the representatives of the FLSA collective in this action;

(J)     Designating the Lead Plaintiffs as the representative of the Rule 23 class in this action and designating their undersigned counsel as counsel for the FLSA collective and Rule 23 Classes in this action;

(K)     Judgment for damages including all unpaid wages and liquidated damages to which Plaintiffs and the FLSA collective members are lawfully entitled under the FLSA, 29 U.S.C. § 201, *et seq.,* and attendant regulations at 29 C.F.R. § 516, *et seq.*;

(L)     Judgment for damages including all unpaid wages and liquidated damages to which Plaintiffs and the Rule 23 class members are lawfully entitled under the MWHL;

(M)     Judgment for treble to which Plaintiffs and the Rule 23 class members are lawfully entitled under the MWPCL;

(N)     An incentive award for the Lead Plaintiffs for serving as representatives of the FLSA collective and Rule 23 classes in this action;

(O)     An Order directing Defendants to pay Plaintiffs and members of the collective/class reasonable attorneys' fees and all costs connected with this action pursuant to the FLSA, MWHL and MWPCL;

(P)     Judgment for any and all civil penalties to which Plaintiffs and members of the collective/class may be entitled; and

(Q)     Such other and further relief as to this Court may deem necessary, just and proper.

## **JURY DEMAND**

Plaintiffs, individually and on behalf of all other FLSA collective and Rule 23 class members, by and through their attorneys, hereby demand a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above entitled claims.

Dated: 19 December 2022                    Respectfully submitted,


                                           _____/s/_____
                                           Neil S. Hyman, Esquire
                                           Bar No. 15158
                                           Law Office of Neil S. Hyman, LLC
                                           4520 East West Highway, Suite 700
                                           Bethesda, Maryland 20814
                                           neil@neilhymanlaw.com
                                           301-841-7105 (p)
                                           *Counsel for Plaintiff*



                          By:    */s/*_____
                                 Douglas J. Phillips
                                 Admission to D.Md. pending (filed _____)
                                 **PHILLIPS LAW GROUP**
                                 2931 Churchville Rd. # 573
                                 Churchville MD 21028-1515
                                 T: (410) 961-1036
                                 dphillips@phillipslawmd.com

                                 *Lead Counsel for Plaintiffs*