UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| **CLAYTON DRUMMOND, MICHAEL DEMINDS, and RONALD WARREN,** *Individually and On Behalf of All Others Similarly Situated,*<br><br>*Plaintiffs,*<br><br>vs.<br><br>**ASPIRE BEHAVIORAL CONNECTIONS, LLC and SPENCER P. ARRINGTON.**<br><br>*Defendants.* | Civil Case No.: 1:22-cv-03274-BG |

**JOINT MOTION FOR JUDICIAL APPROVAL OF SETTLEMENT AND DISMISSAL**

The parties, through counsel, jointly move for judicial approval of the settlement of Plaintiffs Clayton Drummond, Michael Deminds, Ronald Warren and Wesley Owens ("Plaintiffs") claims against Defendants, Aspire Behavioral Connections, LLC and Spencer Arrington and dismissal, with prejudice, of this lawsuit. In support of this Motion, the parties state as follows:

1. Plaintiffs worked for Defendants from dates up through and including December, 2022 (Drummond, Deminds, Warren) and April, 2023 (Owens).

2. Plaintiffs, though their counsel, Neil Hyman and Douglas Philips, have asserted claims against Defendants for unpaid wages and overtime under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). Plaintiffs allege that they were non-exempt employees during the relevant time period, and that during that time they worked overtime hours for which they were not compensated as well as not being minimum wages during a portion of their employment.

1

Defendants have taken the position that at all times Plaintiffs were properly paid as a portion of their compensation was allocated to the provision of housing, food and other benefits provided by the Defendants.

3. Plaintiffs estimate that they are due:

| | |
|---|---|
| Drummond: | $14,230 |
| Warren: | $13,026.80 |
| Deminds: | $7,537.60 |
| Owens: | $11,844.80 |

Defendants have disputed those figures on the basis that Plaintiffs received housing and food benefits in addition to cash payments for work.

4. As a result of negotiations between the parties' respective counsel, the parties agreed to a settlement of Plaintiffs' claims against Defendants, including the FLSA claims.

5. Under the terms of the settlement, Defendants have agreed to pay $40,000.00 in satisfaction of all claims asserted by Plaintiffs. The settlement proceeds are to be paid as follows:

| | |
|---|---|
| Drummond: | $10,000.08 |
| Warren: | $6,000.00 |
| Deminds: | $6,000.00 |
| Owens: | $3,999.96 |

Attorneys' Fees:   $13,999.22

6. The parties memorialized the terms of the settlement in a Settlement Agreement and Release (the "Settlement Agreement") attached as Exhibit 1.

7. The settlement requires court approval in accordance with 29 U.S.C. § 216.

8. As part of the settlement, the parties have agreed to jointly seek court approval.

9. The parties jointly move before this Court to approve the settlement under the terms set forth in Exhibit A. The parties submit that the settlement is fair and reasonable, reflects a

reasonable compromise of issues actually in dispute, and was reached in an adversarial context in which both parties were represented by competent and experienced counsel.

10.  FLSA claims may be settled by parties where they are approved by a court. *Taylor v. Progress Energy, Inc.*, 493 F.3d 454, 460 (4th Cir. 2007). Settlements should be approved when they reflect a fair and reasonable resolution of a *bona fide* dispute. *See Blasic v. Md. State Dental Ass'n*, 2020 U.S. Dist. LEXIS 59382, at *3 (D. Md. Apr. 3, 2020). Where, as here, legal counsel experienced with FLSA claims independently review the available records and come to an arms-length negotiated resolution representing complete relief, the fairness and reasonableness of the settlement is beyond dispute.

11.  Courts generally consider the following factors in reviewing an FLSA settlement:

> (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of class counsel …; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery.

*Id.* (quoting *Lomascolo v. Parsons Brinckerhoff, Inc.*, 2009 WL 3094955, at *10-11 (E.D. Va. 2009) (internal quotation marks omitted)).

12.  The resolution here is a fair and reasonable resolution of a *bona fide* dispute. As to the first factor, the parties have participated in discovery, including the exchange of interrogatories and request for production of documents. Accordingly, Plaintiffs recognize that there is risk that the Court may determine that Defendants are entitled to an offset of cash wages based on the provision of housing and food. Defendants recognize they may have some exposure to Plaintiffs if they misclassified the provision of housing and food benefits as well as failed to properly and accurately account for these items , including the risk of liquidated damages and attorneys' fees.

13. Regarding the second factor, discovery is complete and the parties consented to attempt early ADR. The issues presented in this case are complex, including the proper deductions available to Defendants for any provision of food and housing benefits to Plaintiffs. A trial would likely not occur for 18-24 months and the parties would incur as much as $50,000.00 each in additional attorneys' fees and expenses in preparation for trial.

14. As to the third factor, in negotiating the resolution amount, the parties conducted mediation with Magistrate Judge Beth Gesner on July 10, 2023. The mediation lasted more than approximately 3 hours and the parties were successful in reaching a settlement on that day. There was no fraud in the agreement between the parties. The parties were given an opportunity to consider potential value of the claims, as well as the strength of Defendants' defenses. Plaintiffs concluded the settlement amount provides a fair and reasonable resolution of their claims. Plaintiffs are also aware that Defendants are operating a small, unstable business that likely cannot pay a judgment for all amounts that Plaintiffs are seeking, including liquidated damages and attorneys' fees. If Plaintiffs' claims force Defendants to file bankruptcy, Plaintiffs will not recover anything.. Defendants support this result because it eliminates the costs, uncertainties, and risks of further litigation.

15. Regarding the fourth factor, Plaintiffs' counsel and Defendants' counsel are experienced in investigating, litigating, and settling employment matters, including FLSA claims. Counsel for the parties are well equipped to advise, and have advised, the parties as to the suitability of the resolution in this case. Paragraph 9 of Plaintiffs' counsel's Attorney Fee Petition, attached as Exhibit B, further addresses their experience litigating FLSA cases.

16. The fifth factor is not relevant here. Plaintiffs never moved for conditional certification and this matter was never certified or conditionally certified as a collective action. However, to the extent the

Court is interested in the opinions of counsel, counsel for both parties agree that this settlement is in their clients' best interests. Counsel for Plaintiffs believe that Plaintiffs have a likelihood of success, but are aware that Defendants are a small business and a large verdict, with a large attorney fee award could result in Defendants' becoming insolvent and a judgment uncollectible. Counsel for Defendants believe that Defendants have a strong likelihood of success, but recognize that it is prudent to settle because if Defendants are found liable even for a small amount of wages, they risk a liquidated damages award and could incur significant attorneys' fees not only from defense counsel, but under the fee-shifting provisions of the FLSA.

17. As to the sixth factor, it is difficult to estimate the probability of Plaintiffs' success on the merits, where both liability and the amount of damages are the subject of a bona fide dispute. The parties conducted discovery. After reviewing the likely evidence, Plaintiffs recognize that there is a significant risk that they ultimately recover nothing or only nominal damages at trial.

18. A resolution of an employee's FLSA claims should be approved "if the settlement does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute." *Lopez v. NTI, LLC*, 748 F. Supp. 2d 471, 477 (D. Md. 2010) (internal citations omitted). Courts have recognized "a role for less-than-full-value compromise in the FLSA settlement process." *Id.* These compromises reflect many factors, including disagreements over the number of hours worked. *See id.* Here, the parties took into account the possibility that a finder of fact may determine (1) that Defendants did not violate the FLSA; (2) that any violation of the FLSA may be found to have been made in good faith; (3) that any violation of the FLSA may be found to not be willful; and (4) that even if successful, Plaintiffs could recover less than the settlement amount.

19. Each of the foregoing issues was the subject of a *bona fide* dispute between the parties. The parties also took into consideration the uncertainty and risks in litigation involving

the Court's eventual determination of whether Defendants properly classified Plaintiffs and, if not, the wages each was owed. The parties also considered the costs that each party will incur if the litigation continues. Even though the total settlement is less than the damages claimed by Plaintiffs, it is a fair compromise of the claim. If the Court were to find that Plaintiffs were properly classified as exempt, they would not be entitled to any damages. Or, the Court could find that Plaintiffs were improperly classified by only entitled to overtime compensation in am amount far less than demanded in the Complaint. Thus, settling their wage claims for $40,000 is fair and reasonable.

20. Even with the above voluntary agreement regarding settlement, the FLSA "requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Vicente v. Greenskeeper Landscaping & Lawn Mgmt., Inc.*, No. PWG-14-3500, 2015 WL 8328021, at *4 (D. Md. Dec. 8, 2015) (quoting *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) ("FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of FLSA's provisions.")); *see also Duprey v. Scotts Company LLC*, 30 F. Supp. 3d 404, 411-13 (D. Md. 2014). Plaintiffs' counsel accepted this case on a contingent fee basis, establishing a fee equal to 35% of any settlement or verdict obtained in this matter. See Plaintiffs' Attorney Fee Petition, Exhibit 2. In accepting a settlement that provides for a payment of $13,999.22 in attorneys' fees and costs, Plaintiffs' counsel is accepting an amount which is fair and reasonable and is adequate to incentivize attorneys to accept cases like this where Plaintiffs cannot pay an hourly rate for representation. In addition, the amount allocated for fees and costs was negotiated separately from the amounts to be paid directly to Plaintiffs, and is below or within

the customary range usually approved by this Court.  See Exhibit 2.  As such, the Court should approve the proposed amount set forth for fees and costs incurred.

WHEREFORE, in light of the foregoing, the parties jointly and respectfully request that the Court approve their settlement and dismiss this action in its entirety with prejudice.

Dated: August 11, 2023                  Respectfully submitted,

__/s/ Neil S. Hyman_____
Neil S. Hyman
Bar No. 15158
Law Office of Neil S. Hyman
4520 East West Highway, Suite 700
Bethesda, Maryland 20814
neil@neilhymanlaw.com
Phone: 301-841-7105

_/s/ Douglas Phillips___
Douglas J. Phillips
Bar No. 23015
Phillips Law Group - Maryland
2931 Churchville Rd. # 573
Churchville MD 21028
Phone: 410-961-1036
dphillips@phillipslawmd.com

**ATTORNEYS FOR PLAINTIFFS**

*/s/ Niti Crupiti*
Niti Crupiti
600 Jefferson Plaza, Suite 308
Rockville, MD 20852
(301) 949-1622
niticrupiti@crupitilaw.com
*Counsel for Defendant*
Aspire Behavioral Connections, LLC

*/s/ Jeff Skolnick*
Jeff Skolnick
9515 Deereco Road, Suite 407
Timonium, MD, 21093
(410) 494-9944
jscholnick@scholnicklaw.com

*Counsel for Defendant*
Spencer Arrington